**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CHARLES LEE NEAL, II,**

**Plaintiff,**

**v.** **Case No. 3:24-cv-00493**

**OFFICER C. A. VARIEN, OFFICER TOLER, MAGISTRATE STEVE TARBETT, MAGISTRATE MELANIE SANG, WESTERN REGIONAL JAIL TRANSPORTATION, and JUDGE RICHARD TATTERSON,**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Plaintiff Charles Lee Neal, II's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

As discussed below, Plaintiff has been afforded multiple opportunities to amend his Complaint and correct the deficiencies identified by the Court. Although Plaintiff filed two Partial Amended Complaints, the pleadings remained deficient, and the Court subsequently directed Plaintiff to file a Second Amended Complaint. Plaintiff failed to do so. Although Plaintiff timely filed a document following the Court's most recent Order to Show Cause, (ECF No. 46), the filing does not cure his failure to comply with the Court's prior Orders or provide the Second Amended Complaint necessary for this action to proceed. Accordingly, the undersigned **FINDS** that Plaintiff has failed to prosecute this

action and failed to comply with the Court's Orders and respectfully **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and **REMOVED** from the docket of the Court.

## I. Relevant Facts and Procedural History

Plaintiff Charles Lee Neal, II, is a West Virginia state inmate whose most recent address of record is River Park Hospital in Huntington, West Virginia. (ECF No. 43). On September 11, 2024, Plaintiff, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 3). Plaintiff named Officer C.A. Varien, Officer Toler, Magistrate Steve Tarbett, Magistrate Melanie Sang, Western Regional Jail Transportation, and Judge Richard Tatterson as Defendants. (*Id.*). Plaintiff's allegations concern events surrounding an arrest in May 2020, a period of incarceration from February 2021 through May 2021, and an event related to a civil complaint Plaintiff filed in state magistrate court. (*Id.*). Plaintiff seeks $400,000 in damages. (*Id.*).

On March 31, 2025, the Court entered a Memorandum Opinion and Order directing Plaintiff, inter alia, to amend his Complaint on the appropriate § 1983 form. (ECF No. 19). The Court instructed Plaintiff to identify the individuals who allegedly violated his federal constitutional or statutory rights and, in short and plain statements arranged in numbered paragraphs, set forth the facts supporting his claims, the constitutional rights allegedly violated, the dates of the relevant events, and the actions of each Defendant that allegedly caused the violation. (*Id.*). Plaintiff was further instructed to include only allegations relevant to this action and to ensure that his handwriting was legible. (*Id.*).

On May 5, 2025, Plaintiff filed a Partial Amended Complaint, which consisted of only the first two pages of the complaint form provided by the Clerk. (ECF No. 25). On

May 21, 2025, Plaintiff filed an additional Partial Amended Complaint. (ECF No. 28). Although the latter filing terminated Western Regional Jail Transportation as a Defendant, Plaintiff's pleading remained difficult to decipher and did not cure the deficiencies previously identified by the Court. (*Id.*).

Accordingly, on March 18, 2026, the Court entered an Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directing Plaintiff to file, on or before April 17, 2026, a Second Amended Complaint that complied with the requirements set forth in the Court's prior Memorandum Opinion and Order and was either typed or handwritten in a font size and ink intensity sufficient to be legible to the Court. (ECF No. 40). Plaintiff was expressly notified that failure to file the Second Amended Complaint by the deadline could result in dismissal of this action for failure to prosecute. (*Id.*).

At Plaintiff's request, the Clerk subsequently provided Plaintiff with two additional blank complaint forms. (ECF No. 41). Nevertheless, Plaintiff did not file a Second Amended Complaint by the April 17, 2026, deadline. Plaintiff subsequently filed notices of a change of address in August 2026 but did not submit the required Second Amended Complaint. (ECF Nos. 42, 43).

On September 10, 2026, the Court entered an Order to Show Cause directing Plaintiff to show cause, in writing, on or before September 30, 2026, why this action should not be dismissed for failure to prosecute and failure to comply with the Court's March 18, 2026 Order. (ECF No. 45). The Court specifically advised Plaintiff that he could satisfy the show cause requirement by filing a Second Amended Complaint that complied with the Court's Orders on or before September 30, 2026. (*Id.*). The Clerk was directed to provide Plaintiff with another blank civil rights complaint form. (*Id.*).

On September 30, 2026, Plaintiff timely filed a handwritten document, which the Clerk docketed as a Response to the Order to Show Cause. (ECF No. 46). Plaintiff placed the case numbers for both this action and his separately pending action, *Neal v. Deweese, et al.*, Case No. 3:24-cv-00494, on the filing. However, the document does not address Plaintiff's failure to file the Second Amended Complaint as ordered or otherwise explain his failure to comply with the Court's March 18, 2026 Order. Instead, Plaintiff asserts allegations concerning his December 2023 arrest and subsequent arraignment, including allegations against Tyler Deweese and Steve Tarbett, which concern the events underlying Case No. 3:24-cv-00494. (ECF No. 46). Even liberally construed as an attempt to comply with the Court's directive to amend, the filing does not assert claims concerning the events underlying this action or otherwise satisfy the requirements for a Second Amended Complaint set forth in the Court's prior Orders. (*Id.*). To date, Plaintiff has not filed a Second Amended Complaint that complies with the Court's orders.

## II. <u>Discussion</u>

For the reasons contained herein, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and has disregarded the Court's orders, warranting dismissal pursuant to Federal Rule of Civil Procedure 41(b). Although Plaintiff timely filed a document following the Court's Order to Show Cause, the filing does not explain his failure to comply with the Court's prior Orders and does not constitute the Second Amended Complaint that Plaintiff was repeatedly directed to file. Accordingly, the undersigned FINDS that dismissal without prejudice is warranted.

### ***Failure to Prosecute***

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*,

370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, dismissal may be appropriate in circumstances where a plaintiff has lost interest in prosecuting an action.

The appropriateness of an involuntary dismissal "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendants caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). While these factors guide the Court's analysis, a rigid application is not required, particularly where a litigant has ignored an explicit warning that failure to comply with a court order may result in dismissal. *Ballard*, 882 F.2d at 95–96; *see also Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished) ("A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim.").

Having considered each of these factors and the circumstances of this case, the undersigned concludes that dismissal for failure to prosecute is warranted. First, Plaintiff

is proceeding *pro se* and therefore bears responsibility for prosecuting this action and complying with the Court's Orders. Plaintiff has been afforded multiple opportunities to submit a pleading that permits the Court to evaluate his claims. The Court initially directed Plaintiff to amend his Complaint in March 2025 and provided detailed instructions concerning the information that his amended pleading must contain. (ECF No. 19). Plaintiff thereafter filed two Partial Amended Complaints, but neither cured the deficiencies identified by the Court. (ECF Nos. 25, 28). Consequently, on March 18, 2026, the Court directed Plaintiff to file a Second Amended Complaint by April 17, 2026, and expressly notified him that failure to do so could result in dismissal of this action for failure to prosecute. (ECF No. 40). At Plaintiff's request, the Clerk provided him with additional complaint forms, but Plaintiff did not file the required Second Amended Complaint. (ECF No. 41).

Plaintiff was then afforded another opportunity to comply. On September 10, 2026, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's March 18, 2026, Order. (ECF No. 45). The Court specifically advised Plaintiff that he could satisfy the show cause requirement by filing a Second Amended Complaint that complied with the Court's Orders on or before September 30, 2026. (*Id.*). Although Plaintiff timely filed a handwritten document following the Order to Show Cause, the filing does not explain his failure to comply with the Court's prior Orders or provide the required Second Amended Complaint. (ECF No. 46). Instead, Plaintiff's filing principally asserts allegations concerning his December 2023 arrest and subsequent arraignment, which concern the events underlying his separate civil action in *Neal v. Deweese, et al.*, Case No. 3:24-cv-

00494. (*Id.*). Thus, even liberally construed, Plaintiff's filing does not cure his noncompliance with the Court's Orders in this action.

The second factor, prejudice to Defendants resulting from the delay, does not weigh heavily in favor of dismissal because Defendants have not yet been served. Nevertheless, the remaining circumstances support dismissal. Plaintiff has failed for more than five months to submit the Second Amended Complaint required by the Court despite receiving detailed instructions, additional complaint forms, and multiple opportunities to comply. Although Plaintiff's September 30, 2026, filing demonstrates that he remains capable of communicating with the Court, it does not address the pleading deficiency that has prevented this action from proceeding.

The third factor also supports dismissal to some degree. Although the record does not establish that Plaintiff has deliberately attempted to delay these proceedings, Plaintiff has demonstrated a repeated pattern of failing to submit a pleading that complies with the Court's directives. After filing two deficient Partial Amended Complaints, Plaintiff failed to comply with the April 17, 2026, deadline for filing a Second Amended Complaint. He then received an additional opportunity to comply through the Court's September 10, 2026, Order to Show Cause but again failed to submit the required pleading. Thus, notwithstanding Plaintiff's continued communication with the Court, his repeated failure to comply with the Court's pleading directives has prevented this action from progressing.

Finally, lesser sanctions are unlikely to be effective. Plaintiff has already been offered repeated opportunities to cure the deficiencies in his pleading, and the Court expressly notified him that his failure to file the required Second Amended Complaint could result in dismissal. The Court thereafter provided Plaintiff with a further opportunity to comply through the Order to Show Cause, yet Plaintiff still did not submit

a Second Amended Complaint that complies with the Court's Orders. Given Plaintiff's *pro se* status and his authorization to proceed without prepayment of fees and costs, monetary sanctions would likewise be unlikely to provide an effective alternative. Under these circumstances, dismissal without prejudice is an appropriate sanction.

Accordingly, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and failed to comply with the Court's Orders and respectfully **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1.

## III. Proposal and Recommendations

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Complaint and Partial Amended Complaints, (ECF Nos. 3, 25, 28), be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1; and this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Mazzone.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to transmit a copy of the same to Plaintiff.

**DATED**: October 2, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE