**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHARLES LEE NEAL, II,

Plaintiff,

v. CIVIL ACTION NO. 3:24-0493

OFFICER C. A. VARIEN,
OFFICER TOLER,
MAGISTRATE STEVE TARBETT,
MAGISTRATE MELANIE SANG,
WESTERN REGIONAL JAIL TRANSPORTATION, and
JUDGE RICHARD TATTERSON,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable James P. Mazzone, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On October 2, 2026, the Magistrate Judge submitted Proposed Findings of Fact and recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 41.1 for failing to prosecute this action and failing to comply with the Court's Orders. Plaintiff Charles Lee Neal, II, acting pro se, has filed three documents that the Court will liberally construe as objections. ECF Nos. 49-51; *see Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023) (stating a court must "liberally construe pro se objections while maintaining constitutional limitations on a magistrate's authority"). A district court judge is required to "make a de novo

[1]Originally, this case was referred to the Honorable Joseph K. Reeder, Magistrate Judge, but on September 10, 2026, the case was referred to the Honorable James P. Mazzone.

determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

In his three "objections," Plaintiff questions whether Defendants Judge Richard Tatterson and Magistrate Steve Tarbett have ever been elected to office, and he complains that the Proposed Findings and Recommendations do not address his allegation that Defendant Tatterson violated his constitutional rights. However, as very thoroughly explained by the Magistrate Judge, Plaintiff's pleadings are factually and legally deficient under the Rules of Civil Procedure. Although the Magistrate Judge gave Plaintiffs very clear instructions on what is required and the opportunity to amend his pleadings, Plaintiff failed to comply with the Magistrate Judge's directives. *See* Mem. Op. and Order (Mar. 31, 2025), ECF No. 19; Order (Mar. 18, 2026), ECF No. 40. On September 10, 2026, the Magistrate Judge issued an Order to Show Cause directing Plaintiff to explain "why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order." Order to Show Cause, at 2 (Sept. 10, 2026), ECF No. 45. The Magistrate Judge explained to Plaintiff that he could satisfy the Show Cause Order if he complied with the Court's other Orders. Although Plaintiff filed a Response to the Show Cause Order, the Magistrate Judge correctly found the Response failed to comply with the Court's directives. Therefore, the Magistrate Judge recommended the case be dismissed for failing to prosecute.

The three "objections" Plaintiff filed to the Proposed Findings and Recommendations do not address why this case should not be dismissed for failure to prosecute. Instead, Plaintiff alleges Defendants Richard Tatterson, Melanie Sang, and Steve Tarbett were not elected to office and Defendant Tatterson violated his constitutional rights. Plaintiff only makes these bare allegations and nothing more.

Accordingly, the Court, having reviewed, de novo, the pleadings and Plaintiff's "objections" **FINDS** the "objections" without merit, **ADOPTS AND INCORPORATES HEREIN** the Magistrates Judge's Findings and Recommendations, and **DISMISSES** this action **WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: October 27, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE